# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 20-20966 (JJT) |
| | : | |
| VALERIE J. MOFFATT, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VALERIE J. MOFFATT, | : : | ADV. PRO NO.: |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| GREGG E. MOFFATT, | : | DECEMBER 21, 2021 |
| | : | |
| Defendant. | : | |

## COMPLAINT

1. The debtor, Valerie J. Moffatt (the "Debtor") is an individual who resides at 10 Victorian Woods Lane, South Windsor, CT 06074.

2. The defendant, Gregg E. Moffatt ("Defendant Moffatt") is an individual who resides at 10 Victorian Woods Lane, South Windsor, CT 06074.

3. Defendant Moffatt is the Debtor's non-debtor husband.

4. On July 31, 2020 (the "Filing Date"), the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

5. The plaintiff, Anthony S. Novak is the duly appointed Chapter 7 Trustee for the Debtor's Estate (the "Trustee").

**Factual Background**

6. This complaint initiates an adversary proceeding pursuant to §§544, 548 and 550 of the United States Bankruptcy Code, 11 U.S.C. §§101-1330 ("Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 7001(1). The complaint seeks to avoid and recover an intentional and constructive fraudulent transfer of the Debtor's property made to or for the benefit of the Defendants.

7. This Court has jurisdiction, under 28 U.S.C. §§157 and 1334(b), of the subject matter of this proceeding because the claims asserted herein arise under Chapter 7 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Bankruptcy Court").

8. The matter is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B), (E), (H) and (O).

9. Pursuant to 28 U.S.C. §1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because the Debtor's case is pending in this district and division.

**First Claim For Relief**
**UFTA Intentional Fraudulent Transfer Against Gregg E. Moffatt**
**11 U.S.C. §§548(a)(1)(A), 550 and 551**

1-9. Paragraphs 1-9 of this Complaint are repeated and re-alleged as if fully set forth herein.

10. According to the Debtor's Statement of Financial Affairs and the Declaration of Valerie J. Moffatt Re: Sale of 127 Lakeside Drive, Eastford, CT 06242 dated October 13, 2020 (the "Debtor's Affidavit"), within two years of the Petition Date, the Debtor by means of a Quit-Claim Deed dated February 14, 2019 transferred for $1.00 consideration her 100% interest in

three undeveloped building lots # 993, 994 and 995, Lakeside Drive, Eastford, CT, known as 127 Lakeside Drive, Eastford, CT (the "Property") recorded on February 19, 2019 in Book 72, Page 542-543 on the Town of Eastford land records to Defendant Moffatt (the "Transfer").

11. The Transfer was made to an insider, the Debtor's husband, Defendant Moffatt.

12. The Debtor retained possession or control of the Property after the Transfer.

13. At all relevant times prior to the Transfer, the Debtor owed debts that remained due. The Debtor held a first mortgage dated November 13, 2013 with American Eagle Federal Credit Union ("American Eagle FCU") for 10 Victorian Woods Lane South, Windsor, CT 06074 (the "Victorian Woods Property") in the amount of $162,700. The Debtor also held a second mortgage dated November 14, 2014 with American Eagle FCU for the Victorian Woods Property in the amount of $34,200. At the time of the Petition Date, the Debtor owed $84,017.20 on the first mortgage and $17,066.50 on the second mortgage. These debts remain unpaid.

14. According to the Debtor's Affidavit, the Debtor was notified on June 15, 2018 that her employment was targeted for elimination on December 31, 2018 due to a reduction in workforce. The Debtor was subsequently notified that her termination date was extended to March 31, 2019. As of April 1, 2019, the Debtor was unemployed.

15. According to the Debtor's Affidavit, the Debtor effectuated the Transfer just prior to her employment termination in anticipation of no longer having an income.

16. According to the Debtor's Affidavit, the Property was sold for $55,000 by Defendant Moffatt and the net proceed from the sale was converted to cash.

17. This cash was not visible to creditors. Moreover, such a large cash transaction is very unusual. The Debtor claims that the Defendant returned the cash to her gradually to pay

bills. Such a large cash transaction demonstrates both parties' actual intent to hinder, delay and defraud some or all of the Debtor's then existing and future creditors.

18. The Transfer constitutes a fraudulent transfer avoidable by the Trustee pursuant to §548(a)(1)(A) of the Bankruptcy Code and is recoverable from Gregg E. Moffatt pursuant to §550(a) of the Bankruptcy Code.

19. As a result of the foregoing, pursuant to §§548(a)(1)(A), 550(a) and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, (c) recovering the Transfer, or the value thereof, from Gregg E. Moffatt for the benefit of the Debtor's estate, and (d) an injunction against Gregg E. Moffatt prohibiting him from further disposing of the property transferred.

**Second Claim for Relief**
**UFTA Intentional Fraudulent Transfer Against Gregg E. Moffatt**
**11 U.S.C. §544(b)(1); Conn. Gen. Stat. §52-552e(a)(1)**

1-19. Paragraphs 1-19 of this Complaint are repeated and re-alleged as if fully set forth herein.

20. At all times relevant to the Initial Transfer, there have been creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under §502 of the Bankruptcy Code or that were and are not allowable only under §502(e).

21. The Initial Transfer was made with the Debtor's actual intent to hinder, delay or defraud the Debtor's creditors.

22. The Initial Transfer was made within four years of the Petition Date to an insider, the Debtor's husband.

23. The Initial Transfer was made for no consideration.

24. The Debtor retained possession or control of the Property after the Transfer.

25. The Transfer constitutes a fraudulent transfer within the meaning of, and in violation of, the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §52-552e(a)(1).

26. As a direct and proximate result of the Transfer, the Debtor, her Estate and its creditors have been caused to suffer money damages.

27. The Trustee, on behalf of the Debtor's Estate, is entitled to avoid the Transfer, to have it set aside and to recover the Transfer, or the value thereof, pursuant to 11 U.S.C. §550 and to an injunction against Gregg E. Moffatt prohibiting him from further transferring the funds transferred.

**WHEREFORE**, the Trustee respectfully requests the Court enter judgment in favor of the Trustee and against the Defendant as follows:

1. On the First Claim for Relief against Gregg E. Moffatt, pursuant to 11 U.S.C. §§548(a)(1)(A), 550(a) and 551: (a) avoidance of the Transfer; (b) an order directing that the Transfer be set aside, and (c) recovery of the Transfer, or the value thereof, from Gregg E. Moffatt for the benefit of the Estate;

2. On the Second Claim for Relief against Gregg E. Moffatt, pursuant to 11 U.S.C. §544(b)(1), Conn. Gen. Stat. §52-552e(a)(1) and 11 U.S.C. 550(a) and 551: (a) avoidance of the Transfer; (b) an order directing that the Transfer be set aside, and (c) recovery of the Transfer, or the value thereof, from Gregg E. Moffatt for the benefit of the Debtor's Estate;

3. Pre-judgment interest;

4. Costs; and

5. Such other and further relief as this Court deems just and proper.

Dated this 21st day of December, 2021.

**ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VALERIE J. MOFFATT**

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203-691-8762
jeff@jeffhellmanlaw.com
Federal Bar No.: ct04102