IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br>VALERIE J. MOFFATT<br>        Debtor | CHAPTER 7<br>CASE NO. 20-20966 |
| ANTHONY S. NOVAK, Chapter 7 Trustee<br>for Estate of Valerie J. Moffatt | ADV. PRO. NO. 21-02012 (JJT) |
|         Plaintiff<br>vs.<br>GREGG E. MOFFATT | |
|         Defendant | FEBRUARY 23, 2022 |

## ANSWER AND SPECIAL DEFENSES

The defendant, Gregg E. Moffatt (the "Defendants) by and through his undersigned counsel, hereby answers the Complaint of Anthony S. Novak, Chapter 7 Trustee for the Estate of Valerie J. Moffatt (the "Plaintiff"), and responds as follows:

1. As to Paragraph No. 1 of the Complaint, the Defendant admits that Valerie J. Moffatt is an individual. The remainder of Paragraph 1 is denied.

2. As to Paragraph No. 2 of the Complaint, the Defendant admits that he is an individual. The remainder of Paragraph 1 is denied.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

**First Claim for Relief**
**UFTA Intentional Fraudulent Transfer Against Gregg E. Moffatt**
**11 U.S.C. §§548(a)(1)(A), 550 and 551**

1-9. Paragraphs 1 through 9 of the Complaint are hereby incorporated by reference and made Paragraphs 1 through 9 herein.

10. Admit.

11. Admit.

12. Denied.

13. As to Paragraph No. 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegation contained in this paragraph and leave the Plaintiff to its proof.

14. Admit.

15. The Debtor's Affidavit specifically states that her goal was to have funds on reserve for my Husband and I to live on after I was terminated. Furthermore, the funds were primarily used to pay the Debtor's personal expenses subsequent to her job loss. At the time of the transfer, the Debtor was gainfully employed and paying her debts as they became due.

16. The Debtor admits that the Property was sold for $55,000.00, though Paragraph 15 of the Affidavit states that the Defendant only netted the sum of $44,998.53 (the "Net Proceeds"). The Affidavit further states that the net proceeds were deposited into the Defendant's bank account, and then later converted into cash.

17. The Defendant leaves to proof whether the cash was visible to her creditors. The Defendant admits that he returned the Net Proceeds to the Debtor in cash at her request in order for her to pay her creditors and household expenses. The Defendant denies that this was done gradually, though the payment to creditors and expenses was done over a period of time. The remainder of Paragraph No 17 is denied.

18. Denied.

19. Denied.

## Second Claim for Relief
### UFTA Intentional Fraudulent Transfer Against Gregg E. Moffatt
### 11 U.S.C. §§544(b)(1); Conn. Gen. Stat. §52-552e(a)(1)

1-19. Paragraphs 1 through 9 of the Complaint are hereby incorporated by reference and made Paragraphs 1 through 19 herein.

20. As to Paragraph No. 20 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegation contained in this paragraph and leave the Plaintiff to its proof.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## SPECIAL DEFENSES

### FIRST SPECIAL DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND SPECIAL DEFENSE

Subsequent to the transfer of the Property, the Defendant returned to the Debtor the full value of said Transfer, the sale proceeds of $44,998.53, thereby negating the Transfer.

3

### THIRD SPECIAL DEFENSE

The Transfer did not diminish the Debtor's bankruptcy estate as the Debtor continued to use said proceeds to pay her creditors and household expenses prior to the Filing Date. Had the Debtor not made said Transfer, the bankruptcy estate would have been in the exact same position on the Filing Date.

### FOURTH SPECIAL DEFENSE

The sale proceeds were used by the Debtor and directly benefitted the Debtor as they were used to make monthly payments on her home equity loans, and her basic living expenses.

### FIFTH SPECIAL DEFENSE

Despite the Property being owned by his wife, from the time the Property was purchased on May 30, 2012, through the date it was sold, the Defendant paid the monthly $400.00 payments on the note to the former owners from his Social Security proceeds. The Defendant was adamant that he wanted to be repaid this amount. Thus, there was consideration given for the Transfer, the repayment of approximately $22,800.00 of monthly payments, plus part of the initial down payment of approximately $5,000.00.

### SIXTH SPECIAL DEFENSE

At the time of the land transfer, the Debtor's health was quickly deteriorating, which is well documented. At that time she did not have a Will and did not want the Property to go through probate. The Transfer was strictly made to avoid probate and to repay her husband substantial sums he had expended on the Property on her behalf over the years.

### SEVENTH SPECIAL DEFENSE

The Defendant continued to pay the expenses on the Property post-transfer and therefore the amount of those funds and the costs of improvements are not recoverable by the Trustee.

## EIGHTH SPECIAL DEFENSE

At the time of the Transfer of the land, the Debtor had not defaulted on any of her loan or credit card obligations, and therefore had not been threatened with any litigation. The Debtor was actively looking for another comparable job and was confident she would find another comparable job, which she eventually did.

Dated at Wethersfield, Connecticut, this 23rd day of February, 2022.

**Defendant,
Gregg E. Moffatt**

By: */s/ Ronald I. Chorches*
Ronald I. Chorches, Esquire
Fed Bar #ct08720
Law Offices of Ronald I. Chorches, LLC
82 Wolcott Hill Road, Suite 203
Wethersfield, CT  06109
Ph: (860) 563-3955/Fax: (860) 513-1577
roncchorcheslaw@sbcglobal.net
His Attorneys

**CERTIFICATE OF SERVICE**

      This is to certify that on the 23rd day of February, 2022, a true and correct copy of the foregoing Answer and Special Defenses was served via the Court's CM/ECF notification system.

**U.S. Trustee**
Office of the U.S. Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT  06510

**Trustee/Plaintiff**
Anthony S. Novak, Trustee
Novak Law Office, P.C.
280 Adams Street
Manchester, CT  06042-1075

**Attorney for Plaintiff**
Jeffrey Hellman, Esquire
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th FL.
New Haven, CT  06510

**Defendant**
Gregg E. Moffatt
10 Victorian Woods Lane
South Windsor, CT  06074

**Debtor**
Valerie J. Moffatt
10 Victorian Woods Lane
South Windsor, CT  06074

**Debtor's Attorney**
Bonnie C. Mangan, Esq.
The Law Office of Bonnie C. Mangan, P.C.
1050 Sullivan Ave., Ste. A3
South Windsor, CT  06074

                                                  */s/ Ronald I. Chorches*
                                                  Ronald I. Chorches, Esquire