# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 20-20966 (JJT) |
| VALERIE J. MOFFATT, | CHAPTER 7 |
| Debtor. | |
| ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VALERIE J. MOFFATT, | ADV. PRO NO.: 21-02012 (JJT) |
| Plaintiff, | |
| v. | |
| GREGG E. MOFFATT, | JUNE 22, 2022 |
| Defendant. | |

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

TO:   THE HONORABLE JAMES J. TANCREDI
      UNITED STATES BANKRUPTCY JUDGE

Anthony S. Novak, Chapter 7 Trustee for the Estate of Valerie J. Moffatt (the "Trustee"), by and through his undersigned attorney, hereby respectfully submits this motion (the "Motion") for an order, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), approving the proposed settlement to avoid a claim involving the recovery of an intentional fraudulent transfer of the Debtor's property.

In support thereof, the Trustee represents as follows:

## BACKGROUND

1.  On July 31, 2020 (the "Petition Date"), the debtor, Valerie J. Moffatt (the "Debtor") filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code.

2. Anthony S. Novak was appointed Chapter 7 Trustee for the Debtor's Estate.

3. According to the Debtor's Statement of Financial Affairs and the Declaration of Valerie J. Moffatt Re: Sale of 127 Lakeside Drive, Eastford, CT 06242 dated October 13, 2020 (the "Debtor's Affidavit"), within two years of the Petition Date, the Debtor by means of a Quit-Claim Deed dated February 14, 2019 transferred for $1.00 consideration her 100% interest in three undeveloped building lots # 993, 994 and 995, Lakeside Drive, Eastford, CT, known as 127 Lakeside Drive, Eastford, CT (the "Property") recorded on February 19, 2019 in Book 72, Page 542-543 on the Town of Eastford land records to Gregg E. Moffatt ("Defendant Moffatt") (the "Transfer").

4. According to the Debtor's Affidavit, the Debtor effectuated the Transfer just prior to her employment termination in anticipation of no longer having an income.

5. According to the Debtor's Affidavit, the Property was sold for $55,000 by Defendant Moffatt and the net proceed from the sale was converted to cash.

6. On May 12, 2020, the Trustee commenced an adversary proceeding entitled <u>Anthony S. Novak, Chapter 7 Trustee for the Estate of Valerie J. Moffatt v. Gregg E. Moffatt,</u> Case No.: 21-02012 (the "Adversary Proceeding"), wherein the Trustee seeks to avoid the Transfer and recover the Transfer, or the value thereof, for the benefit of the Debtor's Estate.

7. On May 18, 2022, the Trustee and Defendant Moffatt participated in a mediation conducted by Thomas A. Gugliotti, Esq. of Updike, Kelly & Spellacy, P.C. which resulted in settlement.

**<u>SUMMARY OF SETTLEMENT TERMS</u>**

8. Defendant Moffatt has agreed to pay the total, aggregate settlement amount of $20,000 (the "Settlement Sum") as follows:

a. (i) upon approval of this settlement by this Court, within ten (10) days thereafter, the sum of $5,000 (the "Initial Sum"); (ii) within 6 months after the payment of the Initial Sum, a second payment in the amount of $7,500 (the "Second Payment"); (iii) within six months after the date upon which the Second Payment is due, the additional sum of $7,500 (the "Final Payment").

b. Defendant shall have the right to prepay any sum due hereunder, without advancing the date of payment for any subsequent installment.

c. Defendant shall provide security for the Settlement Sum in the form of a lien upon a motor vehicle owned by the Defendant, a 2017 Chevrolet Impala, L.S. (the "Vehicle"), which is present, titled in and registered in the State of Connecticut. Said lien shall be duly noted on the Vehicle title in accordance with Connecticut law.

d. Plaintiff shall be entitled to make a determination, in consultation with the Defendant, as to the current value of the Vehicle, in order to ensure that its value is at least in the amount of the Settlement Sum.

e. Until such time as the entire Settlement Sum is paid, Defendant shall keep the Vehicle fully insured, in an amount at least equal to the Settlement Sum, which insurance shall include Plaintiff as a loss payee.

f. Defendant shall provide to Plaintiff sufficient documents to demonstrate his ownership of the Vehicle and proof of insurance.

A copy of the executed Settlement Agreement is attached as <u>Exhibit A</u>.

### STANDARDS FOR SETTLEMENTS PURSUANT TO FED. R. BANKR. P. 9019(a)

9. Fed. R. Bankr. P. 9019(a) provides that "on motion by the trustee and after notice and a hearing, the bankruptcy court may approve a compromise or settlement." The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical matter, it will often be wise to arrange the settlement of claims in which there are substantial and reasonable doubts." <u>In re Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424-25, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1,

9-10 (1968). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. In re: Penn Central Transportation Co., 596 F.2d 1002 (3d Cir. 1979).

10. Approval of a proposed settlement is within the "sound discretion" of the bankruptcy court. In re Neshaminy Office Buildings Associates, 62 B.R. 798, 803 (E.D. Pa. 1986). The court must determine whether the proposed settlement is in the "best interests of the estate." See In the Matter of Energy Cooperative, Inc., 886 F.2d 921, 927 (7th Cir. 1989). In determining whether to approve a compromise, the bankruptcy court should apprise itself "of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, Inc., 390 U.S. at 424-25.

11. The bankruptcy court should consider five factors in striking the balance between the value of the compromise and the value of the claim: 1) the probability of success in the litigation; 2) the likely difficulties in collection; 3) the complexity of the litigation; 4) the expense, inconvenience and delay necessarily attending it; and, 5) the paramount interest of the creditors. In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 292 (2d Cir. 1992), cert. dismissed, 506 U.S. 1088, 113 S. Ct. 1070, 122 L. Ed. 2d 497 (1993). The court should not substitute its judgment for that of a trustee. Neshaminy Office Building Associates, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but

rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness.  In re W.T. Grant and Co. 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983).  In addition, "because the bankruptcy judge is unequally situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." Neshaminy Office Building Associates, 62 B.R. at 803 (citing, In re Patel, 43 B.R. 500, 505 (N.D. Ill. 1984).

12. The Defendant has raised defenses which will hinge on the Court's determination of the credibility of the Debtor and the Defendant.  Since the Trustee has no direct knowledge of events, he will be forced to reply upon the badges of fraud.  Such a situation requires a trial and obviously has significant risks.  The Defendant recently moved to Florida and appears to have few assets upon which to collect.  The Defendant has also shown the Trustee a sworn financial affidavit which reveals very few liquid assets and the assets are located in Florida.  In the Trustee's judgment, this settlement is in the best interest of the Estate and permits the Estate to avoid the risks of litigation and the potential difficulties of litigation.  Moreover, this Agreement was recommended by the mediator, Mr. Gugliotti.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter the annexed Order to approve the proposed settlement pursuant to Fed. R. Bankr. P. 9019(a) and grant such other and further relief as the Court shall deem just and proper.

Dated June 22, 2022 at New Haven, Connecticut.

**ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VALERIE J. MOFFATT**

By:  /s/ *Jeffrey Hellman*
Jeffrey Hellman
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203-691-8762
jeff@jeffhellmanlaw.com
Federal Bar No.: ct04102